# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY B. CHRISTY,

                Plaintiff,

       v.                                    Case No. 03-C-1308

JOANNE B. BARNHART,

                Defendant.

## OPINION AND ORDER

Petitioner Mary Christy filed an application for Supplemental Security Income (SSI) benefits in 1996.  She alleges that she has been disabled since November 30, 1996, as a result of a myriad of physical conditions.  Before applying for benefits, she had worked as a sheet metal helper.  The Commissioner's final decision held that she is not disabled under the Social Security Act because she has the residual capacity to perform other work.  She then filed this action for review in federal court.  She is asking the court to reverse the Commissioner and remand the case to an Administrative Law Judge (ALJ) for further proceedings.  See 42 U.S.C. § 405(c).

### I. **LEGAL AND STATUTORY FRAMEWORK**

To be entitled to supplemental security income payments under the Social Security Act, a claimant must establish that she is under a disability. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(c).

The Commissioner has promulgated regulations setting forth the following five-step sequential inquiry to determine whether a claimant is disabled:

(1)     Is the claimant currently employed?
(2)     Does the claimant have a severe impairment?
(3)     Does the claimant's impairment meet or equal one of the impairments listed by the Social Security Administration?
(4)     Can the claimant perform his or her past work? and
(5)     Is the claimant capable of performing work in the national economy?

See 20 C.F.R. §§ 404.1520, 416.920. The inquiry at steps four and five requires an assessment of the claimant's "residual functional capacity," which the Commissioner has defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Id.

In seeking benefits the initial burden is on the claimant to prove that a severe impairment prevents her from performing past relevant work. If she can show this, then the burden shifts to the Commissioner to show that the claimant was able to perform other work in the national economy despite the severe impairment. See Stevenson v. Chater, 105 F.3d 1151, 1154 (7th Cir.1997); Brewer v. Chater, 103 F.3d 1384, 1391 (7th Cir.1997).

-2-

## II. **STANDARD OF REVIEW**

In a social security appeal brought under 42 U.S.C. § 405(g), this court does not conduct a new evaluation of the case but instead reviews the final decision of the Commissioner. This review is deferential: under § 405(g), the Commissioner's findings are conclusive if they are supported by "substantial evidence." Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir.2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971). When reviewing the Commissioner's findings under section 405(g), this court cannot reconsider facts, reweigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ regarding what the outcome should be. See Clifford, 227 F.3d at 869. Thus, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner. See Edwards v. Sullivan, 985 F.2d 334, 336 (7th Cir.1993). Nevertheless, the court must conduct a "critical review of the evidence" before affirming the Commissioner's decision, id., and the decision cannot stand if it lacks evidentiary support or "is so poorly articulated as to prevent meaningful review." Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir.2002). When the ALJ denies benefits, she must build a logical and accurate bridge from the evidence to her conclusion. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir.2001).

20 C.F.R., Pt. 404, Subpt. P., Appendix 1 contains a list of various impairments that the Commissioner has determined are presumptively disabling, that is, severe enough to prevent a person from performing any work. See 20 C.F.R. §§ 404.1525, 416.925. A claimant

-3-

who meets or medically equals all of the criteria of an impairment listed in Appendix 1 is found to be disabled at step three of the Commissioner's sequential evaluation process.

An individual who is not found to be presumptively disabled at step three still may be disabled if her impairments cause physical or mental limitations that prevent him from performing substantial gainful activity. Under the Commissioner's sequential evaluation process, the combined effect of these limitations is described as a claimant's "residual functional capacity," which is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a). A claimant's residual functional capacity is used at step four to determine if a claimant can perform her past relevant work, and if not, at step five to determine whether the claimant can make an adjustment to other work. See 20 C.F.R. §§ 404.1520(a)(4)(iv) and (v), 416.920(a)(4)(iv) and (v). As in many social security disability cases, the outcome of this case turns on whether substantial evidence in the record supports the ALJ's residual functional capacity assessment.

### III. BACKGROUND AND PRIOR PROCEEDINGS

Plaintiff Mary Christy was born on September 29, 1953. At the time of her most recent administrative hearing she weighed 272 pounds and stood 5'5" tall. She has a GED degree and her past relevant work consists of three years of work as a sheet metal helper. She also used post high school educational opportunities to study child care and accounting. She did not complete either program. She has five children who are now adults.

On May 18, 1996, the Plaintiff filed an application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 402(c). Her application was denied initially and upon reconsideration. Christy then requested a hearing. A hearing was

-4-

held on November 20, 1997, in Louisiana where Christy was then living. The Administrative

Law Judge (ALJ) issued a decision denying benefits. The Plaintiff appealed and on October

21, 2000, the Appeals Council vacated the decision and remanded it for further consideration.

Meanwhile, Christy moved to Milwaukee, Wisconsin where a hearing was held on April 23,

2003. She was represented by counsel.

Again, the ALJ found that Christy was not disabled within the meaning of the

Social Security Act. On October 24, 2002, the Plaintiff filed a petition for review. The Appeals

Council denied Christy's request on November 6, 2003, allowing the ALJ's decision to stand

as the final determination.

The ALJ found that:

1.  The claimant has not engaged in substantial gainful activity since at least the date she states she became disabled.

2.  The claimant is suffering from severe impairments namely pseudotumorcerebri, hypertension with dependent edema, and a history of depression, but that her condition does not meet or medically equal the requirements of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

3.  The claimant's residual functional capacity is reduced to the light exertional level with the need to change position periodically and a restriction to routine, low-stress work.

4.  The claimant cannot return to any past relevant work.

5.  The claimant is 48 years old which is defined as a younger individual.

6.  The claimant has a high school equivalency diploma.

Case 2:03-cv-01308-TJC    Filed 09/29/05    Page 5 of 9    Document 23

7. The claimant does not have any transferable work skills.

8. Considering the claimant's condition within the framework of vocational Rule 202.21, Table No. 2, Appendix 2, Subpart P. Regulations No. 4 there are a significant number of jobs in the economy, which the claimant would be capable of performing. These include packaging (1,194), assembly (5,995), and production inspector and checker (1,895).

9. The claimant has not been under a disability, as defined in the Social Security Act, at any time through the day of this decision.

Transcript at 18-19.

## IV. DISCUSSION AND DECISION

Christy has raised four objections to the ALJ's decision. She argues that:

a. The ALJ impermissibly played doctor when she failed to recontact the treating physician to resolve any perceived inconsistencies and instead disregarded his opinion.

b. The ALJ erred when she failed to consider certain of Plaintiff's limitations, most importantly, her obesity in connection with other impairments.

c. The ALJ's failure to make a credibility determination requires reversal and remand.

d. The ALJ failed to properly complete an RFC assessment of Plaintiff's physical capabilities.

See Plaintiff's Memorandum in Support of His [sic] Motion for Summary Judgment or Remand

at 17-30.

Having reviewed the record as a whole, the court will reverse and remand this

matter to the Administrative Law Judge for rehearing. As the Plaintiff has pointed out, the ALJ

-6-

failed to articulate explicitly the effect of Christy's obesity on her other impairments.[1]  More

importantly, she failed to make any finding as to whether Christy's obesity is remediable.  See

Barrett v. Barnhart, 355 F.3d 1065, 1068 (7th Cir. 2004).  This finding is material where the

Plaintiff is claiming that her obesity affects her ability to work.  As the Seventh Circuit recently

advised, even when the Plaintiff is unemployable as a practical matter, that is not the test for

entitlement to benefits, "the test is whether she is so disabled that there are no jobs in

reasonable proximity to where she lives that she is physically able to do."  Barrett, 355 F.3d

at 1067.

On remand, the ALJ should also make credibility determinations regarding thee

Plaintiff's statements in the record on material issues.  The record is replete with contradictory

statements by the Plaintiff[2], but is not clear which statements the ALJ believed.  See Social

Security Ruling 96-7p.  See also Zurakowski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

In the alternative, the Plaintiff has asked that this matter be remanded to the

Commissioner pursuant to sentence 6 of 42 U.S.C. § 405(g).  However, remand under

sentence 6 requires a showing of new and material evidence.  See Richmond v. Chater, 94

F.3d 263, 268 (7th Cir. 1996).  The Seventh Circuit has explained that:

> To merit a remand pursuant to the sixth sentence of 42 U.S.C.
> § 405(g), a claimant must show that "there is new evidence which
> is material and that there is good cause for failure to incorporate

---

[1]  The Commissioner's response to this prong of the Plaintiff's motion consisted of less than one paragraph in which the Commissioner stated that the ALJ recognized "that Plaintiff's obesity put strain on her low back and knees."  Memorandum in Support of the Commissioner's Decision at 8.  Page 18 of the Record is cited in support of this statement, but the court cannot find obesity mentioned on page 18.

[2]  For example, at the Milwaukee hearing, Christy denied using drugs or alcohol, a statement which contradicted her testimony in Louisiana.  Yet medical evidence offered at the Milwaukee hearing says that she has a serious substance abuse problem.

-7-

such evidence into the record in a prior proceeding." Evidence is "material" if there is a "reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Perkins*, 107 F.3d at 1296 (internal quotations omitted.) . . . . "'New' evidence is evidence 'not in existence or available to the claimant at the time of the administrative proceeding.'" *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)).

Jens v. Barnhart, 347 F.3d 209, 214 (7th Cir. 2003).

In this case the Plaintiff has not demonstrated that she has new evidence. Instead, she maintains that the ALJ made errors of law. Therefore, the court will not remand pursuant to sentence 6.

## ORDER

For the reasons explained above, the court ORDERS that the Plaintiff's "Motion for Summary Judgment or Remand" (filed May 20, 2004) IS GRANTED IN PART AND DENIED IN PART. The Commissioner of Social Security's final decision of November 6, 2003, is reversed. The Plaintiff's request for remand pursuant to sentence 6 of 42 U.S.C. § 405(g) is denied.

IT IS FURTHER ORDERED this action is remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings in conformity with this Opinion.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiff Mary Christy brought this action for judicial review of the
> denial of her application for Supplemental Security Benefits

-8-

before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been heard and a decision having been rendered,

IT IS ORDERED AND ADJUDGED

that the Commissioner of Social Security's final decision of November 6, 2003, is reversed and that this action is remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings in conformity with this court's Opinion.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 29th day of September, 2005.

s/ Thomas J. Curran
THOMAS J. CURRAN
United States District Judge