# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY B. CHRISTY,

                Plaintiff,             Case No. 03-C-1308

        v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

## OPINION AND ORDER

      The Plaintiff in this action for judicial review of a final decision of the Commissioner of the Social Security Administration has applied for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Having succeeded in obtaining a judgment ordering a Sentence 4 remand, the Plaintiff seeks attorney fees in the amount of Eleven Thousand Two Hundred Twenty-Five Dollars and Eighty-Eight Cents ($11,225.88). The Commissioner argues that no fees should be awarded because her position throughout this litigation has been substantially justified.

      The EAJA provides that a district court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (B). See Golembiewski v. Barnhart, 382 F.3d 721, 723-24 (7th Cir. 2004); United States v. Hallmark Construction, 200 F.3d 1076,1079 (7th Cir. 2000). In this case, Christy is the prevailing

party, no "special circumstances" are alleged, and the fee application was timely. The only question remaining is whether the government's position was substantially justified.

The Commissioner's position is substantially justified if her conduct has a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988)). The Commissioner bears the burden of proving that her position was substantially justified. Marcus, 17 F.3d at 1036. "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Id. A decision by an ALJ constitutes part of the agency's pre-litigation conduct. Sutton v. Chater, 944 F.Supp. 638, 639 (N.D.Ill.1996).

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. Hallmark Construction, 200 F.3d at 1080. It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. Id.

The court concludes that, throughout this litigation, the position of the Commissioner has been substantially justified in law and fact.  In ruling that Supplemental Security Income benefits for Christy should be denied, at least two Administrative Law Judges (ALJ) and the Appeals Council concluded that Christy was capable of performing light work with restrictions.  The administrative record reviewed by this court did not warrant an outright award of benefits to Christy.  On the whole, the

2

ALJ's review of the evidence was thorough. Although the Commissioner's final decision dealt with the subject of Christy's obesity, this court ordered the matter remanded for reconsideration and a more detailed articulation of the effects of obesity on Christy's other impairments and for a finding as to whether Christy's obesity is remediable. Nothing in the record indicated that Christy had complied with a prescribed diet or sought treatment for being overweight.

Although the Commissioner has not argued that any special circumstances preclude an award of fees, the court notes that the careless testimony of the Plaintiff complicated the record with numerous factual discrepancies and her ever changing and increasing list of physical and mental complaints served to prolong the proceedings and confuse the record. The obesity of which she now complains, for example, was not even listed as an impairment on her 1996 application for benefits.

Based upon this record the government was substantially justified in defending the decision of the Commissioner. The Plaintiff suggests that this court used "strong language" when ordering a remand, but the Plaintiff has misconstrued the court's opinion. There is nothing in the Opinion to indicate that the ALJ could not reach the same conclusion on remand as she made in her original decision provided that she explain her assessment of the Plaintiff's obesity more thoroughly. Because it would have been reasonable for the ALJ to deny benefits on the basis of the record before her, it was entirely reasonable for the government to defend the merits of the decision itself. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).

Case 2:03-cv-01308-TJC   Filed 04/12/06   Page 3 of 4   Document 29

Therefore, the court ORDERS that the "Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act" (filed December 28, 2005) IS DENIED.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 12th day of April, 2006.


s/ Thomas J. Curran
Thomas J. Curran
United States District Judge